UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MT. LAUREL HOTEL DEVELOPMENT, LLC | Civil Action No. 09-cv-5709 (NLH)(KMW) |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. |  |
| LUKOIL, LUKOIL AMERICAS CORPORATION, et al., |  |
| Defendants. |  |

**HILLMAN, District Judge**

 THIS MATTER having been raised by Defendant, Lukoil Americas Corporation, pursuant to its Motion to Dismiss those claims asserted against it by Plaintiff, Mount Laurel Hotel Development, LLC; and

 It appearing that Plaintiff filed a complaint in this Court on November 9, 2009; and

 It further appearing that, on February 1, 2010, Defendant filed its Motion to Dismiss, seeking dismissal of Plaintiff's claims; and

 It further appearing that, in a letter dated March 2, 2010, Plaintiff's counsel notified this Court that he would "not be objecting or filing a response to the Motion to Dismiss" and that he "consent[s] to the dismissal only of Defendant, Lukoil Americas Corporation from the Complaint"; and

 The Court noting that "if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis," Hollister v. U.S. Postal Serv., 142 F. App'x. 576, 577 (3d

Cir. 2005) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1992)); and

The Court finding that Plaintiff is represented by counsel and that Plaintiff, through counsel, has expressly articulated both its intent not to oppose Defendant's motion and its consent to voluntarily dismiss Defendant from this case;

IT IS on this   13th   day of    April   , 2010, hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. #10] is **GRANTED**, and that Defendant, Lukoil Americas Corporation, is terminated as a defendant in this case.[1]


                                          /s/ NOEL L. HILLMAN
At Camden, New Jersey             HON. NOEL L. HILLMAN, U.S.D.J.

---

[1] In his affidavit accompanying Defendant's Motion to Dismiss, Michael G. Lewis, the Vice President, General Counsel, and Corporate Secretary for Lukoil Americas Corporation, attests that Lukoil, also named as a defendant in the complaint, is a non-existent entity and should be dismissed from the case.  True as this may be, the Motion to Dismiss pertains to Lukoil Americas Corporation, and Plaintiff's counsel has expressly agreed to dismiss only Lukoil Americas Corporation from the case.  Therefore, the Court takes no position on the named defendant, Lukoil, in this Order.  If, in fact, Lukoil is not a properly named defendant or otherwise should be dismissed from this suit, Plaintiff is encouraged to notify the Court or the issue may be addressed as necessary in the future.